UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:13CR168 CDP |
| | ) | |
| KENNETH TABOR, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Defendant Kenneth Tabor filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), seeking to benefit from retroactive Sentencing Guidelines Amendment 782, which reduced the guidelines range for many drug offenses. The Probation Office filed a report indicating that Tabor was not eligible for a reduction because the sentence he originally received was a variance from the guidelines and was below his new guidelines range. The government opposes the motion for reduction for the same reason. I agree that Tabor is not eligible for a reduction in sentence because his sentence is below the new guidelines range, so I will deny his motion.

**Discussion**

Absent statutory authority, the Court cannot reduce a final sentence. Section 3582(c)(2) of Title 18 provides authority for the court to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ." In Amendment 782 the United States Sentencing Commission lowered many drug sentencing ranges. The Sentencing Commission determined that the reduction should apply retroactively, and added Amendment 782 to the list of retroactive amendments in U.S.S.G. § 1B1.10(d). Thus, many defendants previously sentenced for drug crimes are eligible for reduced sentences.

If a defendant originally received a variance below the guidelines range that is lower than the new guidelines range, however, he is not eligible for a reduction under Amendment 782. U.S.S.G. § 1B1.10(b)(2)(A) prohibits reducing a sentence in this situation: " . . . the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guidelines range . . ." Tabor falls into this category.

Tabor pleaded guilty to possession of pseudoephedrine with intent to manufacture methamphetamine and conspiracy to possess pseudoephedrine knowing it would be used to manufacture methamphetamine. Although his

original guidelines range was 121 to 151 months, I varied from the guidelines and sentenced him to 62 months imprisonment. Under Amendment 782, his new guidelines range is 100 to 125 months. His original sentence of 62 months is therefore below the new guidelines range.

Tabor argues that I should vary from the new guidelines range for the same reason I varied before, but the law does not allow me to do that. Even though Amendment 782 lowered the applicable guidelines range applicable to Tabor, I cannot reduce his sentence, because the sentence he received originally is below the amended guidelines range.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motions to reduce his sentence [#93, 95] are denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of August, 2015.